1   **WO**

2

3

4

5

6   **IN THE UNITED STATES DISTRICT COURT**

7   **FOR THE DISTRICT OF ARIZONA**

8

9   Echelon Property & Casualty Insurance      No. CV-20-02001-PHX-DWL
    Company,
10                                             **ORDER**
                    Plaintiff,
11
    v.
12
    Daniel M Fazio, et al.,
13
                    Defendants.
14

15          On October 15, 2020, Plaintiff Echelon Property & Casualty Insurance Company

16  ("Echelon") filed its complaint, seeking declaratory relief.  (Doc. 1.)  The "action arises

17  out of contract."  (*Id.* ¶ 35.)  Specifically, Echelon denied coverage under an insurance

18  policy ("the Policy") (*id.* ¶¶ 10, 30) and seeks a declaratory judgment that will

19  "[d]etermine whether there is coverage under the Policy."  (*Id.* at 7.)  Plaintiff alleges that

20  "[t]his Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.

21  §§ 2201-2202, the Federal Declaratory Judgment Act."  (*Id.* ¶ 8.)

22          The Court has an independent obligation to determine whether it has subject-

23  matter jurisdiction.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

24  Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court

25  determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

26  action."

27          "Because the Declaratory Judgment Act does not by itself confer federal subject-

28  matter jurisdiction, [Plaintiff] was required to plead an independent basis for federal

jurisdiction." *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005).  Echelon did not plead an alternative basis for federal jurisdiction.  Because this action arises out of contract and does not appear to raise a federal question, the only possible basis upon which subject-matter jurisdiction could rest is diversity.  The complaint appears to take a stab at alleging the facts that would give rise to diversity jurisdiction (Doc. 1 ¶¶ 1-4, 9) but fails to properly allege the citizenship, for diversity purposes, of any party to this action.

Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs.  28 U.S.C. § 1332.  A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

The party seeking to invoke diversity jurisdiction has the burden of proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986),  by a preponderance of the evidence. *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal Practice § 3611 at 521 & n. 34.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able  to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

A corporation, whether incorporated in a state of the United States or in a foreign country, is "deemed a citizen of its place of incorporation and the location of its principal place of business." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994).  Both the place of incorporation and the location of its principal place of business must be expressly pleaded. *Id.*

An LLC, on the other hand, "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Thus, to properly establish diversity jurisdiction "with respect to a limited liability company, the citizenship of all of the members must be

1    pled." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016).  Plaintiff may

2    allege the LLC members' citizenship on information and belief if the information is not

3    reasonably ascertainable.  *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d

4    1082, 1087 (9th Cir. 2014).

5        As to individual natural persons, an allegation about an individual's residence does

6    not establish his or her citizenship for purposes of establishing diversity jurisdiction.  "It

7    has long been settled that residence and citizenship [are] wholly different things within

8    the meaning of the Constitution and the laws defining and regulating the jurisdiction of

9    the . . . courts of the United States; and that a mere averment of residence in a particular

10   state is not an averment of citizenship in that state for the purpose of jurisdiction."

11   *Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905).  "To be a citizen of a state, a natural

12   person must first be a citizen of the United States.  The natural person's state citizenship

13   is then determined by her state of domicile, not her state of residence.  A person's

14   domicile is her *permanent* home, where she resides with the intention to remain or to

15   which she intends to return."  *Kanter,* 265 F.3d at 858-59 (emphasis added) (citations

16   omitted).

17       Plaintiff must amend the complaint to correct these deficiencies.[1]  *NewGen*, 840

18   F.3d at 612 ("Courts may permit parties to amend defective allegations of jurisdiction at

19   any stage in the proceedings.").

20       Accordingly,

21       **IT IS ORDERED** that within two weeks of the date of this order, Echelon shall

22   file an amended complaint properly alleging the citizenship of each party.

23       …

24       …

25       …

26       …

27

28

---

[1]    This amended complaint pursuant to court order will not affect Plaintiff's right under Rule 15(a)(1) to later amend once as a matter of course.  *See, e.g.*, *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1006-09 (9th Cir. 2015).

1    **IT IS FURTHER ORDERED** that if Echelon fails to timely file an amended

2    complaint, the Clerk of the Court shall dismiss this case, without prejudice, for lack of

3    subject matter jurisdiction.

4    Dated this 22nd day of October, 2020.

Dominic W. Lanza
United States District Judge